UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:  CASE NO. 6:11-bk-14022

SARAI, INC., a Florida corporation,  CHAPTER 11

Debtor.
_____/  EMERGENCY RELIEF REQUESTED

**EMERGENCY MOTION OF THE DEBTOR-IN-POSSESSION
FOR AUTHORITY TO USE CASH COLLATERAL AND
REQUEST FOR EMERGENCY PRELIMINARY HEARING**

AND

**CERTIFICATE OF NECESSITY OF
REQUEST FOR EMERGENCY PRELIMINARY HEARING**

**SARAI, INC.** ("Sarai" or the "Debtor"), as the debtor and debtor-in-possession, by and through its undersigned counsel, and pursuant to 11 U.S.C. §§363(c)(2)(B) and 363(e) and Federal Rules of Bankruptcy Procedure 4001(b)(2) and 4001(c), hereby moves for authority to use cash collateral and provide adequate protection to Fixed Income Holdings, LLC ("FIH") and requests an emergency preliminary hearing and in support thereof states:

**Background**

1. On September 15, 2011 ("Petition Date"), the Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code ("Code"). (Doc. No. 1).

2. This Court has jurisdiction under 28 U.S.C. §1334 and 11 U.S.C. §363.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M) and is a contested matter governed by Federal Rule of Bankruptcy Procedure 9014.

## The Debtor

4. Debtor is a Florida corporation which came into existence in 2002. The Debtor was created to purchase the Hampton Inn located in Mt. Dora, Lake County, Florida (the "Hotel"). The Hotel is a 62-room, select-service hotel. The Hotel was originally constructed and opened in or around 2000. The Hotel includes room amenities, including, but not limited to, over 700 square feet of meeting space, a fitness center, outdoor pool and hot tub, and parking. The Debtor's revenue from the hotel is derived from room and amenity rentals.

5. Overall, the historic, unexpected and unprecedented economic downturn has directly impacted the Debtor such that it has not been able to make payments to certain creditors.

6. Debtor has continued to meet its other obligations related to operating the Hotel. Chapter 11 reorganization will give the Debtor time to reorganize its debts and improve its ability to meet its credit obligations long term.

7. The cash collateral, which the Debtor seeks to use, is comprised in whole or in part of funds on hand and funds to be received from the Debtor's collection of rents from its guests at the Hotel ("Cash Collateral"). FIH may assert an interest in the Cash Collateral by virtue of that certain UCC-1 Financing Statement recorded with Florida Secretary of State on March 28, 2008 (the "UCC Financing Statement"). A true and correct copy of the UCC Financing Statement is attached hereto as **Exhibit "A."**

8. Debtor estimates that it owes FIH, as of the Petition Date, approximately $5.5 million.

9. As of the Petition Date, the Debtor estimates the value of the Cash Collateral, consisting of cash and rents to be approximately $156,937.89.

10. The Debtor will require the use of approximately $131,000.00 of Cash Collateral to continue to maintain operations for the next six (6) weeks, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter.

11. A budget showing estimated income and expenses for the Debtor for the next six (6) weeks is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

12. As adequate protection for the use of Cash Collateral, the Debtor proposes to grant FIH replacement liens to the extent of any diminution in value with such liens to have the same validity, extent, and priority as their respective pre-petition liens. Debtor will operate on a positive cash flow basis during such time and asserts all interests on Cash Collateral are adequately protected by replacement liens.

13. If the Debtor is not permitted to use Cash Collateral, it may be forced to halt operations, which will result in loss of the going concern value of the business, jobs will be lost and a reduction in the value of the estate's assets will result in an adverse effect on creditors and reduce the possibility of an effective reorganization in this case.

14. A copy of the proposed order authorizing use of Cash Collateral on an interim basis is attached hereto as **Exhibit "C."**

## CERTIFICATE OF NECESSITY OF REQUEST FOR EMERGENCY PRELIMINARY HEARING

15. Operation of the Debtor's business requires the incurring of expenses on a daily basis.

16. The Debtor will be without funds to operate and meet expenses if an emergency preliminary hearing is not granted.

17. Vendors and employees have been at risk since the Petition Date and will continue to be at risk until a determination by this Court of the right to use Cash Collateral.

18. The Debtor, through counsel, has obtained the consent of FIH to the use of Cash Collateral.

19. The Debtor estimates that approximately 15 minutes will be necessary for a hearing on this Motion and that a similar amount of time may be required for a final hearing.

20. A copy of this Motion was served on the secured creditors, on the twenty largest unsecured creditors and the U. S. Trustee. Notice of a hearing on this matter will be provided to the same entities.

21. The Debtor and counsel are prepared to appear on two hours' notice at a hearing to demonstrate that the request for an emergency hearing is not the result of the Debtor's or counsel's procrastination or lack of attention.

**WHEREFORE,** the Debtor respectfully requests this Court enter an order granting the request for an emergency hearing, the request to use Cash Collateral, and for such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 15th day of September 2011.

/s/ **R. Scott Shuker**
R. Scott Shuker
Florida Bar No. 984469
rshuker@lseblaw.com
Jason H. Klein
Florida Bar No. 0016687
jklein@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
**bknotice@lseblaw.com**
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Debtor*

In re:                          CASE NO. 6:11-bk-14022

SARAI, INC., a                  CHAPTER 11
Florida corporation,

                   Debtor.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of this **EMERGENCY MOTION OF THE DEBTOR-IN-POSSESSION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING** has been furnished either electronically and/or by U.S. First Class, postage prepaid mail to: Sarai, Inc., Attn: Bharat Desai, 19700 U.S. Hwy 441, Mt. Dora, FL 32757; Fixed Income Holdings, LLC, 4201 Woodmere Road, Tampa, FL 33609; the twenty largest unsecured creditors, as shown on the matrices attached to the original of this summary filed with the Court; and the U.S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 15th day of September 2011.

                                             /s/ R. Scott Shuker
                                             **R. Scott Shuker, Esq.**

Sarai, Inc.

Chase Cardmembers
PO Box 94014
Palatine, IL 60094-4014

Federal Express
3965 Airways Blvd.
Memphis, TN 38116

Hilton Hotels
4649 Paysphere Circle
Chicago, IL 60674

Krispy Kreme Doughnut
PO Box 569
Augusta, GA 30903

Sysco Foods
200 West Story Road
Ocoee, FL 34761

Fixed Income Holdings
4201 Woodmere Rd.
Tampa, FL 33609

City of Mount Dora
510 Baker Street
Mount Dora, FL 32757

Guest Supply
PO Box 910
Monmouth Junction, NJ 08852

Hotel Tech International
121 Crescent Rd.
Toronto, ON Canada  M4W IT8

Nationwide Insurance
1000 Wekiva Springs Rd
Longwood, FL 32779

Telerent Leasing Corp
4191 Fayetteville Rd.
Raleigh, NC 27603

AT&T
PO Box 5094
Carol Stream, IL 60197

Dade Paper
PO Box 593829
Orlando, FL 32859

HD Supply
PO Box 509058
San Diego, CA 92150

Infinite Energy
PO Box 791263
Baltimore, MD 21279

Royal Cup Coffee
PO Box 170971
Birmingham, AL 35217

# STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM

**A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON**
WILLIAM N. HALPERN    (407) 581-9800

**B. SEND ACKNOWLEDGEMENT TO:**
Name: WILLIAM N. HALPERN
Address: SHUFFIELD, LOWMAN & WILSON, P.A.
Address: 1000 LEGION PLACE, SUITE 1700
City/State/Zip: ORLANDO, FL 32802-1010

FLORIDA SECURED TRANSACTION REGISTRY

# FILED
2008 Mar 28 AM 12:00

****** 200807954754 ******

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (1a OR 1b) – Do Not Abbreviate or Combine Names**

| 1a. ORGANIZATION'S NAME | SARAI, INC. | | | | |
|---|---|---|---|---|---|
| 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS 19700 US Highway 441 | | CITY Mount Dora | STATE FL | POSTAL CODE 32757 | COUNTRY USA |
| 1d. TAX ID# 010678128 | 1e. REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION corporation | 1f. JURISDICTION OF ORGANIZATION Florida | | 1g. ORGANIZATIONAL ID# P02000037922 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME – INSERT ONLY ONE DEBTOR NAME (2a OR 2b) – Do Not Abbreviate or Combine Names**

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID# | REQUIRED ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | | 2g. ORGANIZATIONAL ID# ☒☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)– INSERT ONLY ONE SECURED PARTY NAME (3a OR 3b)**

| 3a. ORGANIZATION'S NAME | BRANCH BANKING AND TRUST COMPANY | | | | |
|---|---|---|---|---|---|
| 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS 255 South Orange Avenue, Suite 1000 | | CITY Orlando | STATE FL | POSTAL CODE 32801 | COUNTRY USA |

**4. This FINANCING STATEMENT covers the following collateral:**

See Exhibit "A" attached hereto.

**5. ALTERNATE DESIGNATION (if applicable)**  ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ AG. LIEN  ☐ NON-UCC FILING  ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX – YOU ARE REQUIRED TO CHECK EXACTLY ONE BOX**

☒ All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☐ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.12/2001)    Filing Office Copy    Approved by the Secretary of State, State of Florida

9661100343-00001

Exhibit A

# EXHIBIT "A" - UCC1

1. Name and address of Debtor and record owner of the Land:

   SARAI, INC.,
   a Florida corporation
   19700 US Highway 441
   Mount Dora, Florida 32757

2. This Financing Statement covers the following types and items of property:

   a. <u>Improvements</u>. All buildings, structures, betterments, fruit trees, groves and other improvements of any nature now or hereafter situated in whole or in part upon the lands in LAKE County, Florida, described on this Exhibit "A" (the "Land"), regardless of whether physically affixed thereto or severed or capable of severance therefrom (the "Improvements").

   b. <u>Appurtenances</u>. The benefit of all easements and other rights of any nature whatsoever appurtenant to the Land or the Improvements, or both, and all rights of way, streets, alleys, passages, drainage rights, sewer rights, and rights of ingress and egress to the Land, and all adjoining property, whether now existing or hereafter arising, together with the reversion or reversions, remainder or remainders, rents, issues incomes, and profits of any of the foregoing.

   c. <u>Tangible Property</u>. All of Debtor's interest in all fixtures, equipment, crops now sown and/or growing in the future and tangible personal property of any nature whatsoever now or hereafter (i) attached or affixed to the Land or the Improvements, or both, regardless of whether physically affixed thereto or severed or capable of severance therefrom, or (ii) regardless of where situated, used, usable, or intended to be used in connection with any present or future use or operation of or upon the Land. The foregoing includes: all heating, air conditioning, lighting, incinerating, and power equipment, all engines, compressors, pipes, pumps, tanks, motors, conduits, wiring, and switchboards; all plumbing, lifting, cleaning, fire prevention, fire extinguishing, refrigerating, ventilating, and communications apparatus; all boilers, furnaces, oil burners, vacuum cleaning systems, elevators, and escalators; all stoves, ovens, ranges, disposal units, dishwashers, water heaters, exhaust systems, refrigerators, cabinets, and partitions; all rugs and carpets; all laundry equipment; all building materials; all furniture, furnishings, office equipment, and office supplies (including stationery, letterheads, billheads, and items of a similar nature); and all additions, accessions, renewals, replacements, and substitutions of any or all of the foregoing (the "Tangible Property").

   d. <u>Income</u>. All rents, issues, incomes, and profits in any manner arising from the Land, Improvements, or Tangible Property, or any combination, including

Debtor's interest in and to all leases, licenses, franchises, and concessions of, or relating to, all or any portion of the Land, Improvements or Tangible Property, whether now existing or hereafter made, including all amendments, modifications, replacements, substitutions, extensions, renewals, or consolidations. The foregoing items are jointly and severally called the "Rents" in this instrument.

e. Proceeds. All proceeds of the conversion, voluntary or involuntary, of any of the property described in this Exhibit into cash or other liquidated claims, or that are otherwise payable for injury to, or the taking or requisitioning of, any such property, including all insurance and condemnation proceeds.

f. Contract Rights. All of Debtor's right, title and interest in and to any and all contracts, written or oral, expressed or implied, now existing or hereafter entered into or arising, in any manner related to the improvements, use, operation, sale, conversion, or other disposition of any interest in the Land, Improvements, Tangible Property, or the Rents or any combination, including any and all deposits, prepaid items, and payments due and to become due thereunder, and including construction contracts, service contracts, advertising contracts, purchase orders, and equipment leases.

g. Name. All right, title and interest of Debtor in and to any tradename now or hereafter used in connection with the operation of the Land, and all related marks, logos and insignia.

h. Other Intangibles. All contract rights, accounts, instruments and general intangibles, as such terms from time to time are defined in the Florida Uniform Commercial Code, in any manner related to the use, operation, sale, conversion, or other disposition (voluntary or involuntary) of the Land, Improvements, Tangible Property, or Rents, including all permits, licenses, insurance polices, rights of action and other choses in action.

i. Construction Materials. All lumber, concrete block, drywall, sheet rock, concrete, roof trusses, beams, joints, or any other personal property used or intended to be used in connection with the construction of any improvements on the Land or any of such items of personal property which are intended to be incorporated into the Land as an Improvement thereon.

j. Sewer Fees. All sewer capacity reservation fees and/or reserved sewer capacity, all tap in rights, all impact fees, all of which may benefit the Land or Improvements.

k. Plans. Any and all plans, specifications, permits, including building permits, licenses, fees, architectural drawings, surveys and plats associated with the construction of any proposed improvements to the Land.

l.  Construction Documents. The foregoing types of property include specifically all of the following: all contracts, plans and documents that concern the design and construction of the improvements, including plans and specifications, drawings and architectural and/or engineering contracts, and construction contracts, together with all amendments, revisions, modifications and supplements.

m.  Secondary Financing. All of Debtor's rights, power or privilege to further encumber any of the property described in this paragraph for debt.

As used in this paragraph, the term "include", "includes" or "including" is for illustrative purposes only and is always without limitation.

3. Signature of Debtor:

SARAI, INC.,
a Florida corporation

By: _____
BHARAT DESAI
President

4. Description of Land. That certain piece, parcel and tract of land located in LAKE County, Florida, described on EXHIBIT "B" attached hereto and incorporated herein by reference.

3

Doc#: 16

BB&T Branch Banking & Trust - Sarai, Inc.
9661100343-00001

# EXHIBIT "B"

## Legal Description

That portion of Section 20, Township 19 South, Range 27 East, Lake County, Florida described as follows:
Commence at the Southeast corner of the Southwest 1/4 of said Section 20 thence run South 89 Degrees 55'15" West along the South line of the said Southwest 1/4 a distance of 178.61 feet; thence run North 01 Degrees 56'15" East along the West line of the East 178.61 feet of the Southeast 1/4 of the Southwest 1/4 a distance of 850.00 feet; thence North 89 Degrees 54'00" East 268.59 feet, thence North 49 Degrees 37'00" East 658.44 feet to the southwesterly right-of-way line of U.S. Highway No. 441; thence run South 40 Degrees 23'00" East along said right-of-way line a distance of 150.00 feet to the Point of Beginning. Thence continue South 40 Degrees 23'00" East along the right-of-way line a distance of 280.00 feet; thence departing said right-of-way line run South 49 Degrees 37'00" West 300.00 feet to a point on a line that is 300.00 feet Southwest of, (By perpendicular measure), from the above mentioned southwesterly right-of-way line of U.S. Highway No. 441; thence run North 40 Degrees 23'00" West along said line 280.00 feet; thence run North 49 Degrees 37'00" East a distance of 300.00 feet to the Point of Beginning.

LESS the following described parcel: A tract of land in Section 20, Township 19 South, Range 27 East, Lake County, Florida described as follows:
Commence at the Southwest corner of the Southeast 1/4 of aforesaid Section 20; thence run South 89 Degrees 55'15" West along the South line of said Southwest 1/4 of Section 20 a distance of 178.61 feet; thence run North 01 Degrees 56'15" East along the West line of the East 178.61 feet of the Southeast 1/4 of the Southwest 1/4 a distance of 850.00 feet; thence run North 89 Degrees 54'00" East a distance of 268.59 feet; thence run North 49 Degrees 37'00" East 658.44 feet to the southerly right-of-way of Highway 441; thence run South 40 Degrees 23'00" East along said right-of-way a distance of 150.00 feet to the Point of Beginning; thence continue South 40 Degrees 23'00" East along said right-of-way 1005.76 feet; thence departing the southerly right-of-way of Highway 441 run South 49 Degrees 37'00" West 391.14 feet; thence South 00 Degrees 06'00" East 140.32 feet to the South line of the Southeast 1/4 of Section 20, thence along said South line run South 89 Degrees 53'10" West 50.00 feet; thence North 00 Degrees 06'00" West 143.83 feet; thence North 49 Degrees 37'00" East 375.02 feet; thence North 04 Degrees 29'42" West 29.00 feet to a point that is 35.00 feet southwesterly of aforesaid southwesterly right-of-way line of U.S. Highway 441; thence parallel with said right-of-way line run North 40 Degrees 23'00" West 393.50 feet to a point on a curve concave southwesterly and having a radius of 116.86 feet to which a radial line bears North 42 Degrees 06'44" East; thence run northwesterly 25.88 feet along the arc thereof through a central angle of 12 Degrees 41'24" to the beginning of a reverse curve concave northeasterly and having a radius of 46.87 feet; thence run northwesterly 32.49 feet along the arc thereof through a central angle of 39 Degrees 42'59" to the beginning of a reverse curve concave southwesterly and having a radius of 128.20 feet; thence run northwesterly 27.65 feet along the arc thereof through a central angle of 12 Degrees 21'35"; thence along a non-tangent line run North 40 Degrees 23'00" West 157.85 feet to the beginning of a curve concave southwesterly and having a radius of 49.16 feet to which a radial line bears North 38 Degrees 02'14" East; thence run northwesterly 16.94 feet along the arc thereof through a central angle of 19 Degrees 44'37" to the beginning of a reverse curve concave northeasterly and having a radius of 19.44 feet; thence run northwesterly 10.63 feet along the arc thereof through a central angle of 31 Degrees 19'24" to the end of said curve; thence run North 40 Degrees 23'00" West 12.64 feet to the beginning of a curve concave northeasterly and having a radius of 42.50 feet; thence run northwesterly 16.78 feet along the arc thereof through a central angle of 22 Degrees 36'57" to the end of said curve; thence run North 17 Degrees 46'03" West 14.90 feet; thence run North 40 Degrees 23'00" West 194.61 feet; thence run North 67 Degrees 11'54" West 11.08 feet; thence run North 40 Degrees 23'00" West 39.10 feet; thence run North 49 Degrees 37'00" East 40.00 feet to the Point of Beginning;

LESS right-of-way for Limit Avenue across the South side thereof

# Sarai, Inc.
# WEEKLY CASH BUDGET

| | Week Ending 9/12/11 | Week Ending 9/19/11 | Week Ending 9/26/11 | Week Ending 10/3/11 | Week Ending 10/10/11 | Week Ending 10/17/11 | TOTAL |
|---|---|---|---|---|---|---|---|
| **No. of Rooms** | 62 | 62 | 62 | 62 | 62 | 62 | |
| **Days in Week** | 7 | 7 | 7 | 7 | 7 | 7 | |
| Rooms Available | 434 | 434 | 434 | 434 | 434 | 434 | |
| Rooms Sold | 235 | 234 | 232 | 240 | 250 | 270 | |
| Occupancy | 54.15% | 53.92% | 53.46% | 55.30% | 57.60% | 62.21% | |
| ADR | 78.00 | 78.50 | 78.50 | 79.00 | 79.25 | 79.25 | |
| Revpar | 47.30 | 47.40 | 47.00 | 48.93 | 51.13 | 55.22 | |
| **Income** | | | | | | | |
| 070000 Hotels sales | | | | | | | |
| 071001 Room Sales | 18,330.00 | 18,369.00 | 18,212.00 | 18,960.00 | 19,812.50 | 21,397.50 | 115,081.00 |
| Sales tax payable | 1,283.10 | 1,285.83 | 1,274.84 | 1,327.20 | 1,386.88 | 1,497.83 | 8,055.67 |
| Tourist Tax Payable | 916.50 | 918.45 | 910.60 | 948.00 | 990.63 | 1,069.88 | 5,754.05 |
| Total 070000 Hotels sales | 20,529.60 | 20,573.28 | 20,397.44 | 21,235.20 | 22,190.00 | 23,965.20 | 128,890.72 |
| 071100 Other department rev. | | | | | | | |
| 071104 Sundry shop | 82.12 | 82.29 | 81.59 | 84.94 | 88.76 | 95.86 | 515.56 |
| 071105 Meeting room | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 750.00 | 4,500.00 |
| 071106 Laundry / Drycleaning | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 150.00 |
| 071107 Misc. Income | | | | | | | 0.00 |
| Total 071100 Other department rev. | 857.12 | 857.29 | 856.59 | 859.94 | 863.76 | 870.86 | 5,165.56 |
| **Total Income** | 21,386.72 | 21,430.57 | 21,254.03 | 22,095.14 | 23,053.76 | 24,836.06 | 134,056.28 |
| **Gross Profit** | 21,386.72 | 21,430.57 | 21,254.03 | 22,095.14 | 23,053.76 | 24,836.06 | 134,056.28 |
| **Expense** | | | | | | | |
| 071220 Telephone depart.cost | | | | | | | |
| 071202 Telephone cost | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 3,000.00 |
| Total 071220 Telephone depart.cost | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 3,000.00 |
| 072100 Other dept. expense | | | | | | | |
| 072102 Sundry shop cost | 32.85 | 32.92 | 32.64 | 33.98 | 35.50 | 38.34 | 206.23 |
| Total 072100 Other dept. expense | 32.85 | 32.92 | 32.64 | 33.98 | 35.50 | 38.34 | 206.23 |
| 080000 payroll department | | | | | | | |
| Payroll Expenses | | | | | | | |
| 080000 payroll department - Other | 5,550.00 | 5,550.00 | 5,550.00 | 5,550.00 | 5,550.00 | 5,550.00 | 33,300.00 |
| Total 080000 payroll department | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 45,000.00 |
| 089911 Employee bonus | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 1,500.00 |
| 090000 Rooms departments | | | | | | | |
| 092001 Breakfast cost | 940.00 | 936.00 | 928.00 | 960.00 | 1,000.00 | 1,080.00 | 5,844.00 |
| 092002 Guest room supplies | 352.50 | 351.00 | 348.00 | 360.00 | 375.00 | 405.00 | 2,191.50 |
| 092003 Cleaning supplies | 235.00 | 234.00 | 232.00 | 240.00 | 250.00 | 270.00 | 1,461.00 |
| 092004 credit card proces fees | 641.60 | 642.92 | 637.62 | 662.85 | 691.61 | 745.08 | 4,021.69 |
| 092005 Contracts | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 2,400.00 |
| 092006 Cable TV | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 1,500.00 |

# Sarai, Inc.
# WEEKLY CASH BUDGET

| | | | | | | |
|---|---:|---:|---:|---:|---:|---:|
| 092010 Contract labor | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 1,800.00 |
| 092012 Scent service | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 210.00 |
| 092015 Uniforms | 62.50 | 62.50 | 62.50 | 62.50 | 62.50 | 375.00 |
| 092017 Internet support | 65.00 | 65.00 | 65.00 | 65.00 | 65.00 | 390.00 |
| 092019 Guest transportation | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 150.00 |
| 092020 Linens | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 1,200.00 |
| 092021 Office supplies | 45.00 | 45.00 | 45.00 | 45.00 | 45.00 | 270.00 |
| 092022 Cleaning supplies | 434.00 | 434.00 | 434.00 | 434.00 | 434.00 | 2,604.00 |
| 092023 Laundry chemicals | 235.00 | 234.00 | 232.00 | 240.00 | 250.00 | 270.00 | 1,461.00 |
| 092024 Newspaper | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 450.00 |
| 092025 Chargeback | 205.30 | 205.73 | 203.97 | 212.35 | 221.90 | 239.65 | 1,288.91 |
| 090000 Rooms departments - Other | | | | | | | 0.00 |
| Total 090000 Rooms departments | 4,500.90 | 4,495.15 | 4,473.10 | 4,566.71 | 4,680.01 | 4,901.23 | 27,617.10 |
| | | | | | | | |
| 100000 A & G depart. | | | | | | | |
| 102001 Bank Service Charges | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 600.00 |
| 102003-Payroll processing fees | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 600.00 |
| 102007-Licenses | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 300.00 |
| 102011-misc. | 615.89 | 617.20 | 611.92 | 637.06 | 665.70 | 718.96 | 3,866.72 |
| 102017-Professional Fees | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 900.00 |
| 102018 Management fees | 615.89 | 617.20 | 611.92 | 637.06 | 665.70 | 718.96 | 3,866.72 |
| Total 100000 A & G depart. | 1,631.78 | 1,634.40 | 1,623.85 | 1,674.11 | 1,731.40 | 1,837.91 | 10,133.44 |
| | | | | | | | |
| 110000-Maintenance departments | | | | | | | |
| 112004-Elevator Contract | 124.00 | 124.00 | 124.00 | 124.00 | 124.00 | 124.00 | 744.00 |
| 112009-Fire and safety | 146.00 | 146.00 | 146.00 | 146.00 | 146.00 | 146.00 | 876.00 |
| 112010-Garbage collections | 102.50 | 102.50 | 102.50 | 102.50 | 102.50 | 102.50 | 615.00 |
| 112011-Pest control | 78.55 | 78.55 | 78.55 | 78.55 | 78.55 | 78.55 | 471.27 |
| 112014-Pool supplies | 62.50 | 62.50 | 62.50 | 62.50 | 62.50 | 62.50 | 375.00 |
| 112021-Locks and keys | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 30.00 | 180.00 |
| 112023-Storage | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 112026 Misc. | 410.59 | 411.47 | 407.95 | 424.70 | 443.80 | 479.30 | 2,577.81 |
| Total 110000-Maintenance departments | 954.14 | 955.01 | 951.49 | 968.25 | 987.35 | 1,022.85 | 5,839.08 |
| | | | | | | | |
| 130000-Utilities | | | | | | | |
| 132001-Electric | 1,450.00 | 1,450.00 | 1,450.00 | 1,450.00 | 1,450.00 | 1,450.00 | 8,700.00 |
| 132002-Gas | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 600.00 |
| 132003-water service | 194.00 | 194.00 | 194.00 | 194.00 | 194.00 | 194.00 | 1,164.00 |
| 132004-Sewer | 202.00 | 202.00 | 202.00 | 202.00 | 202.00 | 202.00 | 1,212.00 |
| Total 130000-Utilities | 1,946.00 | 1,946.00 | 1,946.00 | 1,946.00 | 1,946.00 | 1,946.00 | 11,676.00 |
| | | | | | | | |
| 140000-Frenchise fees | | | | | | | |
| 142001-Royalty fees | 1,642.37 | 1,645.86 | 1,631.80 | 1,698.82 | 1,775.20 | 1,917.22 | 10,311.26 |
| 142002-3 % Combo | 615.89 | 617.20 | 611.92 | 637.06 | 665.70 | 718.96 | 3,866.72 |
| 142003-OQ | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 300.00 | 1,800.00 |
| Total 140000-Frenchise fees | 2,558.26 | 2,563.06 | 2,543.72 | 2,635.87 | 2,740.90 | 2,936.17 | 15,977.98 |
| | | | | | | | |
| 150000-Taxe& Insurance | | | | | | | |
| 152001-Worker's Compensation | 375.00 | 375.00 | 375.00 | 375.00 | 375.00 | 375.00 | 2,250.00 |
| 152002-General Liability Ins. | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 3,000.00 |

# Sarai, Inc.
## WEEKLY CASH BUDGET

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Total 150000-Taxes& Insurance | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 875.00 | 5,250.00 |
| 160000-Other expenses | | | | | | | |
| Payroll Tax Expenses | | | | | | | |
| Payroll Tax Expenses - Other | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 2,664.00 |
| Total Payroll Tax Expenses | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 444.00 | 2,664.00 |
| | | | | | | | |
| Total Expense | 21,192.91 | 21,195.54 | 21,139.79 | 21,393.92 | 21,690.16 | 22,251.51 | 128,863.83 |
| | 241.11 | 282.44 | 161.24 | 750.15 | 1,414.73 | 2,639.77 | 5,489.44 |
| | | | | | | | |
| Other Income | | | | | | | |
| Collection Allowance | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 360.00 |
| | | | | | | | |
| Total Other Income | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 360.00 |
| | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 360.00 |
| | | | | | | | |
| Net Ordinary Income | 301.11 | 342.44 | 221.24 | 810.15 | 1,474.73 | 2,699.77 | 5,849.44 |
| | | | | | | | |
| Opening Cash Balance | 156,636.78 | 156,937.89 | 157,280.33 | 157,501.57 | 158,311.72 | 159,786.45 | 7,332.78 |
| Add : Cash Surplus for the week | 301.11 | 342.44 | 221.24 | 810.15 | 1,474.73 | 2,699.77 | 5,849.44 |
| | | | | | | | |
| Closing Cash Balance | 156,937.88772 | 157,280.33 | 157,501.57 | 158,311.72 | 159,786.45 | 162,486.22 | 13,182.22 |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**In re:**                                                 **CASE NO.**

**SARAI, INC, a Florida corporation,**      **CHAPTER 11**

                 **Debtor.**

_____/

**INTERIM ORDER GRANTING DEBTOR'S EMERGENCY
MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**

**[Continued Hearing - _____]**

         **THIS CASE** came on for hearing on _____ (the "Hearing") upon the Emergency Motion to Use Cash Collateral, filed by Debtor, **SARAI, INC.**, (the "Debtor") (Doc. No. ____), filed with the Court on September 15, 2011 (the "Motion"). Having considered the Motion, noting the Limited Objection, the argument of counsel present at the Hearing, and having otherwise been fully informed in the premises, it is hereby

**ORDERED:**

         1.      The Motion is **GRANTED** to the extent provided herein.

         2.      <u>Continued Hearing</u>. The authority granted hereunder shall continue until _____, at which time the Court will hold a continued hearing on use of cash collateral at which the Court: (i) will address the Limited Objection and (ii) may authorize continued use of cash collateral.

         3).      <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; (b) the current and necessary expenses set

Exhibit C

forth in the budget attached as **Exhibit A** to the Motion, plus an amount not to exceed ten percent (10%) for each line item on a month-to-month basis with no roll over of the excess variance; *provided, however*, the Debtor may exceed the 10% variance if necessary to pay required franchise fees; and (c) such additional amounts as may be expressly approved in writing by _____ (the "Secured Creditor"). This authorization will until further order of the Court. Except as authorized in this order, the Debtor is prohibited from use of cash collateral.

4. <u>Debtor Obligations</u>. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

5. <u>Access to Records and Premises</u>. Upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Debtor shall grant to the Secured Creditor access to Debtor's business records and premises for inspection.

6. <u>Replacement Lien</u>. The Secured Creditor with a security interest in cash collateral shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any document as may otherwise be required under applicable nonbankruptcy law.

7. <u>Insurance</u>. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under the loan and security documents with the Secured Creditor.

8. <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of cash collateral; or (b) any other right or remedy which may be available to the Secured Creditor.

9. <u>Creditors Committee</u>. The provisions of this Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly-appointed committee to challenge the validity, priority, or extent of any lien(s) asserted against cash collateral.

10. <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

11. **A CONTINUED HEARING ON USE OF CASH COLLATERAL IS SCHEDULED FOR _____ \_\_. M. BEFORE THE HONORABLE _____ IN COURTROOM \_\_, U. S. BANKRUPTCY COURT, 135 W. CENTRAL BOULEVARD, ORLANDO, FLORIDA.**

**DONE and ORDERED on**

_____
United States Bankruptcy Judge

Copies to:

Debtor: Sarai Inc., Attention: Bharat Desai, 19700 U.S. Hwy 441, Mt. Dora, FL 32757;

Debtor's Counsel: R. Scott Shuker, Esq., and Justin H. Klein, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL 32801;

Fixed Income Holdings, LLC, 4201 Woodmere Road, Tampa, FL 33609;

The twenty largest unsecured creditors; and

U. S. Trustee, 135 West Central Boulevard, Suite 620, Orlando, FL 32801.